UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

                Plaintiff,             Civil Action No. 23-10583

v.                                             Matthew F. Leitman
                                             United States District Judge

CITO MECHANICAL DESIGN, INC.         David R. Grand
and CLAUDIA PAOLA BLACKWOOD,   United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS DEFENDANT CLAUDIA PAOLA BLACKWOOD'S COUNTERCLAIM UNDER RULE 12(B)(6) (ECF No. 13)

Before the Court is a Motion to Dismiss Defendant Claudia Paola Blackwood's Counterclaim Under Rule 12(b)(6), filed by Plaintiff Rocket Mortgage, LLC ("Plaintiff") on May 31, 2023. (ECF No. 13). On June 26, 2023, Defendant Claudia Paola Blackwood ("Blackwood") filed a response to Plaintiff's motion (ECF No. 17), and Plaintiff filed a reply brief on July 17, 2023 (ECF No. 18). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 14). Oral argument was held on Plaintiff's motion on October 10, 2023.

For the detailed reasons set forth on the record, **IT IS RECOMMENDED** that Plaintiff's Motion to Dismiss Defendant Claudia Paola Blackwood's Counterclaim Under Rule 12(b)(6) **(ECF No. 13)** be **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE** as detailed below. Specifically:

- To the extent Plaintiff interpreted Blackwood's counterclaim as a claim for breach of contract, Plaintiff's motion to dismiss should be **GRANTED**, as Blackwood admits she was not a party to the contract at issue. (ECF No. 17, PageID.112) ("Despite the fact that there is no[t] a contractual relationship between Plaintiff … and … Blackwood …."). Moreover, at oral argument, Blackwood did not dispute that she was not asserting a counterclaim for breach of contract.

- To the extent Blackwood attempted to plead statutory counterclaims against Plaintiff, under either the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, or the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, Plaintiff's motion to dismiss should be **GRANTED**. In attempting to plead such claims, Blackwood relies on the TILA/RESPA Integrated Disclosure Rule ("TRID"). However, under the plain language of the applicable regulations, Blackwood – as a loan officer – does not have a private right of action under the TRID. *See* 12 C.F.R. 1026.19(f)(2)(i) ("… if the disclosures provided … become inaccurate before consummation, the creditor shall provide corrected disclosures reflecting any changed terms ***to the consumer*** so that ***the consumer*** receives the corrected disclosures at or before consummation") (emphasis added). At oral argument, Blackwood provided no argument to the contrary. Thus, such statutory claims should be **DISMISSED**.

- Finally, to the extent Blackwood attempted to plead a claim for fraud, Plaintiff's motion should be **DENIED WITHOUT PREJUDICE**. Because Blackwood is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In her response to Plaintiff's motion, Blackwood appears to assert that Plaintiff misrepresented in an August 2022 Closing Disclosure that it would pay a commission whenever the closing on the loan at issue occurred and then fraudulently removed the commission when it prepared the Final Closing Disclosure in September 2022. (ECF No. 17, PageID.112-13). While Plaintiff argues that the alleged promise to pay a commission in the future is nothing more than a promise to render future performance, which cannot state a claim for fraud under Michigan law (ECF No. 18, PageID.139), courts have recognized an exception to this general rule and have found that a party may "maintain a fraud action if a promise is made in bad faith without the intention to perform it." *See Blackward Props., LLC v. Bank of America*, 476 F. App'x 639, 643 (6th Cir. 2012) (internal quotations omitted). Here, Blackwood specifically alleges that the plaintiff "acted maliciously, deliberately, willfully and fraudulently" when it removed the statement that she would be paid a commission on the loan at issue. (ECF No. 17, PageID.112). Moreover, at oral argument, Blackwood referenced other communications that she

2

allegedly received from Plaintiff during the relevant time period, as well as a course of business allegedly practiced by Plaintiff, that she argued support her claim that Plaintiff acted fraudulently in failing to pay her the commission at issue. Given all of the foregoing, the best course of action is to allow Blackwood to file an amended counterclaim for fraud, detailing her allegations with the requisite level of particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Blackwood's amended counterclaim shall be filed on or before **November 13, 2023**.

Dated: October 11, 2023　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2023.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager