UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

    Plaintiff,                                             Case No. 23-cv-10583
                                                             Hon. Matthew F. Leitman

v.

CITO MECHANICAL
DESIGN, INC., *et al.*,

    Defendants.

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 33) AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 26)**

On March 13, 2023, Plaintiff Rocket Mortgage, LLC filed this breach of contract and fraud action against Defendants Cito Mechanical Design, Inc. and Claudia Blackwell, Cito's shareholder and loan officer. (*See* Compl., ECF No. 1.) Cito never appeared in this action. Accordingly, on May 16, 2023, the Clerk of the Court entered a default against Cito. (*See* Default, ECF No. 11.) Rocket Mortgage then filed a motion for a default judgment against Cito. (*See* Mot., ECF No. 26.) Cito never responded to the motion.

On November 27, 2023, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant Rocket Mortgage's motion in part and deny it in part (the "R&R"). (*See* R&R, ECF No. 33.) More

1

specifically, the Magistrate Judge recommended that the Court grant the motion to the extent that it sought (1) entry of a final judgment "against Cito in the amount of $747,636.00" and (2) a declaratory judgment that "Cito is obligated, under Section 8 of the [parties'] Agreement, to defend, indemnify, and hold Rocket Mortgage harmless for 'any and all losses, liabilities, claims, damages, costs (including allocated costs of in-house counsel), and actions suffered or incurred' by Rocket Mortgage as a result of Cito's breach of 'any covenant, condition, term, obligation, representation or warranty' contained in the Agreement, including all liabilities it might incur by virtue of it being forced to sign indemnification agreements with [the Department of Housing and Urban Development]." (*Id.*, PageID.286.) The Magistrate Judge further recommended that the Court deny the motion "[i]n all other respects." (*Id.*)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.287.)

No party has filed any objections to the R&R. Nor has any party contacted the Court seeking additional time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and

2

recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because no party filed any objections to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Rocket Mortgage's motion for default judgment is **ADOPTED**.

**IT IS FURTHER ORDERED** that Rocket Mortgage's motion for a default judgment against Cito (ECF No. 26) is **GRANTED IN PART AND DENIED IN PART** as described above and described in the R&R.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3